UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HONG LIANG SHEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CONGHUI ZHENG,<br><br>    Defendant, | Civil Action No. 25-30067-MGM |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTIONS TO DISMISS AND PLAINTIFF'S MOTION FOR
EMERGENCY RELIEF
(Dkt. Nos. 8 & 11)

July 22, 2025

MASTROIANNI, U.S.D.J.

Invoking the court's diversity jurisdiction, Plaintiff initiated this action against his ex-wife, seeking to enforce a divorce judgment issued by the Berkshire County Probate Court. Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing that there is no case or controversy ripe for adjudication, this action is barred by the *Younger* abstention doctrine, and this action is barred by the domestic relations exception to federal jurisdiction.[1]

As a threshold matter, the court notes that Plaintiff does not have a true money judgment

---

[1] Plaintiff asserts subject matter jurisdiction is an affirmative defense and therefore should not be resolved through a motion to dismiss. (Dkt. No. 10 at 8.) But "[b]ecause federal courts are powerless to act in the absence of subject matter jurisdiction, [the court has] an unflagging obligation to notice jurisdictional defects and to pursue them on [its] own initiative." *Espinal-Dominguez v. Com. of Puerto Rico*, 352 F.3d 490, 495 (1st Cir. 2003). Pursuant to Fed. R. Civ. P. 12(h)(3), this court must dismiss a complaint whenever it determines it lacks subject matter jurisdiction, even if the dismissal is *sua sponte*. *See One & Ken Valley Hous. Grp. v. Maine State Hous. Auth.*, 716 F.3d 218, 224 (1st Cir. 2013). Moreover, even if it were an affirmative defense (and it is not), affirmative defenses may be raised at the motion to dismiss stage when their applicability is obvious from the face of the complaint. *See Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001).

against this Defendant. (*See, e.g.,* Dkt. No. 1, ¶¶ 4.1, 4.2, 5, 12; Dkt. No. 12 at 2.) Rather, it is clear from the plain text of the divorce judgment entered by the Berkshire County Probate Court and annexed by Plaintiff to his complaint, that he has an "interest in the equity in the former marital home," and that he is only entitled to $85,309 "[u]pon the sale of the marital home" with the funds to be paid "from the sale proceeds after the payment of the usual and customary closing costs." (Dkt. No. 1-1 at 3-4.)[2] The court therefore agrees with Defendant, there are number of jurisdictional defects rendering this action subject to dismissal.

First, under the domestic relations exception, federal courts are divested of jurisdiction "over 'a narrow range of [cases implicating] domestic relations issues' that would otherwise meet the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)." *Irish v. Irish*, 842 F.3d 736, 740 (1st Cir. 2016) (quoting *Marshall v. Marshall*, 547 U.S. 293, 307 (2006)).[3] "In that vein, this circuit has been clear that the allocation of property incident to a divorce [is a] longstanding local function[]of the type best reserved for state resolution." *Id.* at 741 (internal quotation marks omitted). "[C]ognizant of the fact that property-distribution and alimony arrangements necessarily accompany a divorce, exist in inextricable relation to each other, and jointly declare rights and obligations arising from marital status under state law," the First Circuit has reiterated that federal court is not the appropriate forum

---

[2] Plaintiff sought to have the divorce judgment altered three months after its entry, but this request was denied by the trial court, and the denial was affirmed by the Massachusetts Appeals Court. *See generally Zheng v. Shen,* 104 Mass. App. Ct. 1113, 238 N.E.3d 825, *review denied,* 494 Mass. 1109, 244 N.E.3d 1008 (Mass. 2024).

[3] Plaintiff's complaint cites 28 U.S.C. § 1332 (the diversity statute) and 28 U.S.C. § 1738 as the basis for the court's jurisdiction. In his opposition to the motion to dismiss, Plaintiff implies Section 1738 implicates the court's federal question jurisdiction, but "[t]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." *Woo v. Spackman*, No. 1:18-MC-91545, 2020 WL 1939692, at *3 (D. Mass. Apr. 22, 2020) (quoting *Thompson v. Thompson*, 484 U.S. 174, 182 (1988)), *aff'd*, 988 F.3d 47 (1st Cir. 2021). There is otherwise no cause of action asserted in the complaint, and the First Circuit has previously ruled that merely seeking to enforce a state court judgment is not itself a basis for jurisdiction. *See Woo v. Spackman,* 988 F.3d 47, 50-52 (1st Cir. 2021).

for an action that amounts to "dividing marital property, entering the necessary decrees, and handling the sensitive conflicts that follow," even when the claim has the "trappings of another type of claim." *Id.* at 741-42.[4]

Here, Plaintiff is seeking to alter the final divorce judgment by requiring the immediate payment of $85,309. The decree does not, however, provide for such a payment until the marital home is sold. The marital home has not been sold, primarily because of Plaintiff's tactics, and he therefore has no entitlement to the $85,309.[5] A contrary finding by this court would impermissibly meddle with the divorce judgment entered by the probate court. Accordingly, this complaint is barred by the domestic relations exception.

In addition, this action is barred by at least three abstention doctrines. To the extent there are ongoing proceedings in the probate court, the *Younger* abstention doctrine applies, as the complaint seeks relief that would "needlessly inject the federal court into ongoing state proceedings." *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (internal quotation marks omitted); *Tyler v. Massachusetts*, 981 F. Supp. 2d 92, 96-97 (D. Mass. 2013) (applying *Younger* to proceedings in probate court). Relatedly, abstention is also appropriate under *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943), as "[t]he First Circuit has also intimated that a federal lawsuit seeking intervention in

---

[4] In arguing the domestic relations exception does not apply, Plaintiff relies primarily on a student law review note that contends the exception does not apply in cases where jurisdiction is predicated on a federal question. Even accepting this position as legally accurate, this is not an action invoking the court's federal question jurisdiction.

[5] The divorce judgment contemplated payment by March 15, 2023, unless Defendant could not make the payment in cash at that time, in which case the house would be listed for sale and Plaintiff paid from the proceeds of the sale. (Dkt. No. 1-1 at 3-4.) As the state courts have already found, however, the sale has still not taken place because of Plaintiff's actions. *See generally Zheng v. Shen*, 105 Mass. App. Ct. 1121, 257 N.E.3d 900, *review denied*, 496 Mass. 1103 (Mass. 2025). Plaintiff's obfuscation of the sale led to him being held in contempt, a decision upheld on appeal. *Id.* The Massachusetts Appeals Court also found Plaintiff's appeal frivolous and ordered that he pay Defendant's attorneys' fees and costs. *Id.* Had Plaintiff not repeatedly interfered with the sale and incurred an obligation to pay Defendant's legal fees, it is likely he would have already received his $85,309.

a state family court proceeding is exactly the type of case compelling consideration of *Burford* abstention." *Tyler v. Massachusetts*, 981 F. Supp. 2d 92, 96-97 (D. Mass. 2013) (citing *Dunn v. Cometa,* 238 F.3d 38, 42 (1st Cir.2001)). Finally, this action is barred by the *Rooker-Feldman* doctrine to the extent it amounts to a collateral attack on a final judgment of the state courts. *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 63-65 (1st Cir. 2018) (discussing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

      For the foregoing reasons, Defendant's motions to dismiss is GRANTED. (Dkt. No. 8.) Plaintiff's emergency motion for a lis pendens is DENIED as moot. (Dkt. No. 11.) This case may now be closed.

It is So Ordered.

                                                                                           /s/ Mark G. Mastroianni
                                                                                         MARK G. MASTROIANNI
                                                                                         United States District Judge